# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPITA CRUZ TORRES, | Case No. 18-cv-0907 DMS (BLM) |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| KIA MOTORS AMERICA, INC., and DOES 1 to 10, | |
| Defendants. | |

On May 23, 2018, the Court held a telephonic conference with the parties. After consulting with counsel, the Court ordered the parties to submit supplemental briefing discussing whether subject matter jurisdiction existed over the present action. Having considered the parties' briefs, the relevant legal authority, and the record, the Court remands the action.

This action arises from Plaintiff Lupita Torres's purchase/lease of an allegedly defective 2016 Kia Optima. On April 6, 2018, Plaintiff filed a Complaint against Defendant Kia Motors America, Inc. in the Superior Court of California, County of San Diego, alleging claims for violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.*, breach of express warranty under Cal. Civ. Code §§ 1791.2(a) & 1794, breach of implied warranty of merchantability under Cal. Civ. Code §§ 1791.1 & 1794, and violation of California's Unfair Competition Law, Cal.

Bus. & Prof. Code § 17200. On May 10, 2018, Defendant removed the action to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendant premises subject matter jurisdiction on Plaintiff's reference to a federal law in her prayer for relief, which requests, in part, "costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d) and/or the Magnusson-Moss Warranty Act ("MMWA") pursuant to 15 U.S.C. § 2310(d)(2)[.]" (Compl. at 8.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the district court could have original jurisdiction over the matter. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, … the district court must remand if it lacks jurisdiction."). "The burden of establishing federal jurisdiction is on the party seeking removal[.]" *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction[,]" so that "any doubt as to the right of removal" is resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). "The presence or

absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, Plaintiff's claims do not "arise under" federal law. The Complaint alleges causes of action under California law. The allegations neither cite to nor depend on any federal law. Moreover, the causes of action do not require resolution of a substantial issue of federal law. Although Plaintiff's prayer for relief includes a reference to federal law, it is not sufficient on its own to create federal question jurisdiction. "'The valid exercise of federal question jurisdiction ... depend[s] upon the substantive claims raised[,]' not on any remedy requested." *Palantir Techs. Inc. v. Abramowitz*, No. 16-CV-5857-PJH, 2017 WL 926467, at *5 (N.D. Cal. Mar. 9, 2017) (quoting *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 834 (9th Cir. 2004) ("[t]he valid exercise of federal question jurisdiction ... depend[s] upon the substantive claims raised[,]" not on any remedy requested)); *see Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 n.3 (9th Cir. 1996) ("In its prayer for relief, the complaint seeks attorneys' fees and pre-judgment interest under both federal and state law…. However, we do not find the attorneys' fee and pre-judgment interest requests determinative. It is the nature of the cause of action that is controlling."). Because subject matter jurisdiction under § 1331 is lacking, removal was improper. Accordingly, the Court remands this action to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: July 2, 2018

Hon. Dana M. Sabraw
United States District Judge